IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TYLER DWAINE VICKREY, §<br>#02432868, §<br>        Plaintiff, §<br> §<br>v. §<br> §<br>ELLIS COUNTY DISTRICT §<br>COURT, §<br>        Defendant. § | No. 3:22-cv-02699-E-BT |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Tyler Dwaine Vickrey, a Texas prisoner, filed a *pro se* civil rights action under 42 U.S.C. § 1983. The Court granted Vickrey leave to proceed *in forma pauperis* but withheld issuance of process pending judicial screening. Ord. (ECF No. 11). For the reasons stated, the Court should dismiss Vickrey's complaint under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

### Background

On December 2, 2022, the Court received Vickrey's complaint against Ellis County District Court. Compl. 4. He alleges that he has been held in custody without a court appearance since February 23, 2022, and this violates his speedy trial rights. Vickrey states that he has attempted to exercise his right to a speedy trial by filing *pro se* motions in Ellis County District Court, but he did not receive any response. He also states that he has not received any notices of any hearings. Vickrey further contends that his

court-appointed attorney "refused" to withdraw from his case after Vickrey notified him that he no longer wanted his representation. *Id.* at 3. As relief, he seeks monetary compensation in the amount of $150,000 for lost wages due to his incarceration and for the emotional distress suffered by his children and family.

## Legal Standards and Analysis

Vickrey's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)-(b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above

the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court liberally construes Vickrey's complaint with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Vickrey's complaint fails to plead sufficient facts to state a claim upon which relief can be granted. His complaint should therefore be dismissed for failure to state a claim upon which relief can be granted.

Vickrey has named Ellis County District Court as the sole defendant. He alleges the court has held him in custody since February 23, 2022, in violation of his speedy trial rights. But the Eleventh Amendment precludes an individual from suing a state in federal court, "unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir.2002). A state court, as an agency of the state, is immune from suit under the Eleventh Amendment. *See Jefferson v. La. State Supreme Court*, 46 Fed.

3

Appx. 732, *1 (5th Cir. 2002) (per curiam) ("The Eleventh Amendment clearly bars [a plaintiff's] § 1983 claims against the Louisiana Supreme Court, which is a branch of Louisiana's state government."); *see also* Bourgeois v. Par. of Jefferson, 20 F.3d 465, *1 (5th Cir. 1994) (holding the Civil District Court of Orleans Parish is "an agency of the state" entitled to Eleventh Amendment immunity). Vickrey does not allege that the Ellis County District Court has waived its immunity or Congress has abrogated the state's sovereign immunity. Therefore, the Ellis County District Court, a state entity, is immune from Vickrey's lawsuit under the Eleventh Amendment.

## Recommendation

The Court should DISMISS Vickrey's complaint under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

**SO RECOMMENDED**

Signed September 12, 2023.

                                  REBECCA RUTHERFORD
                                  UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).